Janer et al *v.* El Registrador de la Propiedad.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas.

No. 83.—Resuelto en marzo 9, 1911.

Cancelación de Inscripción.—No procede la cancelación de un gravamen impuesto sobre una finca adjudicada en una testamentaría, con la obligación

de pagar el adjudicatario las deudas de dicha testamentaría, sin que hayan sido previamente oídos y vencidos en juicio los acreedores, o hayan éstos consentido en que se verifique la expresada cancelación.

ID.—PROCEDIMIENTO PARA OBTENER LA CANCELACIÓN.—Para la cancelación del gravamen a que se refiere el párrafo anterior, los interesados pueden hacer uso del trámite ordinario, en el juicio que corresponda, sin que sea necesario seguir el procedimiento que regula el Título XIII de la Ley Hipotecaria, por no ser dicho gravamen de los taxativamente enumerados en el artículo 347 de dicha ley.

Los hechos están expresados en la opinión.

La parte apelante compareció en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En juicio seguido ante la Corte Municipal del Distrito Judicial Municipal de Caguas por los consortes Julio B. Janer Márquez y Rosa Juliá Santana contra la sucesión de Francisco Osuna López, sobre extinción de deuda y cancelación de gravamen, dicha corte declaró por sentencia de 25 de noviembre del año 1910, que la sucesión demandada no tiene derecho a reclamar los cuatrocientos cincuenta dollars importe de la finca descrita en la demanda, quedando extinguida la deuda; y a los efectos consiguientes ordenó que por el registrador de la propiedad del distrito se lleve a cabo la cancelación solicitada en la demanda, del gravamen que con respecto a dicha finca aparece mencionado en las inscripciones segundas de las fincas números 1274 y 1235 a los folios 135 y 140 del tomo 25 de Caguas.

Librado mandamiento al Registrador de la Propiedad de Caguas en 12 de diciembre siguiente para que llevara a efecto la cancelación ordenada del gravamen a que se refiere la mencionada sentencia, dicho registrador denegó la cancelación por medio de nota, que copiada a la letra, dice así:

"No admitida la cancelación del gravamen a que se refiere el precedente mandamiento por el defecto insubsanable de que la finca afecta al pago de la deuda a que se contrae, se adjudicó en la testamentaría de Da. María Carballo, al heredero Don Francisco Osuna López, con la obligación o condición de quedar el adjudicatario responsable al

pago de las deudas de dicha herencia, y siendo tal obligación una acción rescisoria en favor de los acreedores de la misma herencia, sólo éstos han podido consentir en la extinción o cancelación de la expresada obligación, y tales acreedores no han consentido ni fueron condenados por la sentencia de veinticinco de noviembre último, que se inserta en este mandamiento, pues los demandados en el juicio en que se dictó dicha sentencia, no son los acreedores, sino precisamente los que aparecen como deudores, de manera que ese título es nulo. Además, no apareciendo claramente del registro, quienes son los acreedores de esa herencia, a favor de quienes se constituyó tal acción rescisoria, ésta no se puede extinguir, sino por sentencia dictada en el expediente de liberación, por el juez de la corte de distrito en que la dicha finca radica, siendo en este caso incompetente el juez municipal, para liberar del mencionado gravamen la aludida finca; habiéndose extendido en su lugar nota marginal preventiva por ciento veinte días, al margen de las inscripciones primeras, de las fincas números 1234 y 1235, folios 134 y 139 del tomo 25 de este ayuntamiento. Caguas, 17 de diciembre de 1910. El Registrador, S. Abella Bastón.''

La nota preinserta ha sido recurrida para ante esta Corte Suprema por los esposos interesados, quienes solicitan su revocación ordenándose que se lleve a cabo la cancelación a que se refiere la sentencia dictada por la corte municipal.

Examinadas las razones que sirven de fundamento a la nota recurrida, estamos conformes con el Registrador de la Propiedad de Caguas en que habiendo sido demandada y condenada la sucesión de Francisco Osuna López, o sea del que tenía obligación de pagar las deudas de la testamentaría de María Carballo, y nó los acreedores de esa testamentaría, o sea los que tienen derecho a cobrar, la sentencia que ordenó la cancelación denegada, como dictada sin audiencia de dichos acreedores, no puede perjudicar a éstos bajo concepto alguno, y por tanto, carece de eficacia legal a los fines pretendidos en el juicio en que fué pronunciada.

Por ese fundamento se sostiene la nota recurrida; pero no vemos que para obtener la cancelación intentada sea necesario seguir el procedimiento que para la liberación de los gravámenes existentes regula el título 13 de la Ley Hipote-

caria, pues el presente caso no es de los que taxativamente enumera el artículo 347 de dicho título, pudiendo los intere-sados hacer uso de su derecho por los trámites ordinarios en el juicio que corresponda y ante la corte que sea competente.

En ese juicio podrán ser atinentes las alegaciones hechas para sostener el recurso.

En apoyo de nuestra opinión vienen las resoluciones de la Dirección General de los Registros de España de 16 de abril de 1878, 10 de octubre de 1879 y 16 de diciembre de 1889.

Por las razones expuestas, procede se confirme la nota re-currida, por el fundamento de haberse ordenado la cancela-ción pretendida en juicio seguido sin citación de los acree-dores interesados.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary, no intervino en la reso-lución de este caso.